IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KIMBERLY SIMPSON,<br><br>      Plaintiff,<br><br>   v.<br><br>TECHNOLOGY SERVICE CORPORATION,<br><br>      Defendant. | Case No.  8:14-cv-01968-DKC |

**DEFENDANT TECHNOLOGY SERVICE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendant Technology Service Corporation ("TSC"), through its undersigned counsel, submits this Memorandum in Support of its Motion, filed herewith pursuant to Federal Rule of Civil Procedure 26(c)(1), for the entry of a Protective Order governing confidential discovery materials exchanged by the Parties in this case. The Parties have generally agreed to the terms of a Protective Order that would allow for the designation of certain materials exchanged in discovery as "Confidential." For the following reasons, however, the entry of a Protective Order including an "attorneys' eyes only" designation for highly sensitive documents also is warranted.

**I.  BACKGROUND**

The Parties to the above-captioned case have agreed that a Protective Order governing the designation and use of Confidential documents is appropriate in this case. Despite TSC's proposal that such Protective Order also include a narrow designation for highly sensitive materials as "attorneys' eyes only," Plaintiff refuses to agree to the inclusion of such

designation.[1] Thus, the only issue before the Court is the propriety of including an "attorneys' eyes only" designation within the Proposed Protective Order, which is filed herewith.[2]

During discovery in this matter, Plaintiff demanded that TSC produce personnel files for 18 current and former TSC employees, who are not parties to the present litigation. While TSC has objected to the production of the personnel files of a number of these employees as overbroad and irrelevant, TSC has agreed to the production of two TSC employees' files,[3] subject to an "attorneys' eyes only" designation as a part of a governing Protective Order based on its obligations to protect the privacy rights of non-parties.[4] TSC has contended that the privacy rights of non-parties trumps Plaintiff's right to view such highly confidential documents. Despite providing Plaintiff with the legal support for TSC's position,[5] Plaintiff has refused to agree to such a designation, and TSC thus is required to request Court intervention.

## II.   ARGUMENT

While Fourth Circuit law does not squarely address the propriety of an "attorneys' eyes only" Confidential designation as part of a Protective Order, numerous other Circuit and District Courts have opined on this issue and determined that such a designation is appropriate and necessary when the personnel files of non-parties are sought. For example, in *Kroll v. American Telegram & Tel. Co.*, the Sixth Circuit recognized that an "attorneys' eyes only" designation was

---

[1] *See, e.g.,* ECF No. 19-2 (which includes email correspondence referencing a proposed Protective Order transmitted by Plaintiff's counsel, though without attaching the actual proposed Protective Order); ECF No. 19-4 at 1 (which includes email correspondence making clear Plaintiff is "willing instead to agree to the District of Maryland's standard protective order language."); ECF No. 18 at ¶12.

[2] TSC represents that the Proposed Protective Order includes all of the language proposed by Simpson's counsel. For purposes of the Proposed Order, the only change TSC has made to Simpson's proposal is the inclusion of an "attorneys' eyes only" designation at ¶ 3, which is the only provision of the Proposed Protective Order in dispute.

[3] One of the employees whose file is at issue is a former TSC employee, and the other employee is a current employee. Neither worked with Plaintiff or had anything to do with the termination of her employment. Rather, one is an incumbent in a role that Plaintiff now contends she should have been offered, and the other performed duties related to that role on a temporary basis in conjunction with his other job duties.

[4] *See* ECF No. 19-8 (which includes email correspondence from TSC's counsel indicating the basis for the request for an attorneys' eyes only designation is related to the need to protect the privacy rights of non-parties).

[5] *Id.*

necessary to "protect non-parties from the harm and embarrassment potentially caused by nonconfidential disclosure of personnel files." 176 F.3d 359, 365 (6th Cir. 1999). A federal court in Louisiana recently pointed to *Kroll* to affirm the need for an "attorneys' eyes only" designation related to non-party personnel files. *Soule v. RSC Equip. Rental, Inc.*, 2012 WL 425166 (E.D. La., Feb. 9, 2012). The Louisiana court also pointed to an Eighth Circuit case on point, *Donald v. Rast*, 927 F.2d 379 (8th Cir. 1991), which upheld the lower court's decision to limit the disclosure of non-party personnel files as "attorneys' eyes only."

Similarly, a federal court in Illinois denied a plaintiff's motion to require a defendant-employer to produce non-party personnel files without an "attorneys' eyes only" designation, recognizing that courts are "tasked with maintaining the confidentiality of materials, like personnel files of non-litigant parties, unsuited for public disclosure. Additional protection for such documents is a legitimate concern of both (the defendant-employer) and the Court." U.*S. v. CDW Gov't, Inc.*, 2011 WL 2293280 (S.D. Ill., June 9, 2011). Additionally, a federal court in New York recently granted a plaintiff's motion to compel non-party personnel files but ordered that the personnel files should be produced as "attorneys' eyes only." *Adamson v. City of Buffalo*, 2013 WL 821182 (W.D.N.Y., March 5, 2013).

### III.   CONCLUSION

It is clear that TSC and this Court have an obligation to protect the privacy of non-parties, and the appropriate measure for protecting such non-party privacy is through the entry of a Protective Order that allows TSC to designate non-party personnel files as "attorneys' eyes only". Thus, TSC respectfully requests that the Court enter the Proposed Order Governing Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material, which includes a designation for "attorneys' eyes only" discovery materials.

Dated: October 27, 2014                    Respectfully submitted,

                                           VEDDER PRICE P.C.

                                           By:    /s/ Amy L. Bess
                                                  Amy L. Bess
                                                  abess@vedderprice.com
                                                  Sadina Montani
                                                  smontani@vedderprice.com
                                                  Vedder Price P.C.
                                                  1401 I Street NW
                                                  Suite 1100
                                                  Washington, D.C.  20005
                                                  T:  +1 (202) 312-3320
                                                  F:  +1 (202) 312-3322

                                           *Counsel for Defendant*
                                           *Technology Service Corporation*

WASHINGTON_DC/#39255.1