IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KIMBERLY SIMPSON,<br><br>   Plaintiff,<br><br> v.<br><br>TECHNOLOGY SERVICE CORPORATION,<br><br>   Defendant. | Case No.  8:14-cv-01968-DKC |

### DEFENDANT TECHNOLOGY SERVICE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant Technology Service Corporation ("TSC"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), submits this Memorandum in Support of its Motion for Protective Order.

On June 27, the Court issued a Scheduling Order mandating that discovery in the present action be completed by November 10, 2014. *See* ECF No. 11.  On October 28, Ms. Simpson served her first notice of deposition in the case, seeking to depose eleven current and former TSC employees. *See* Exhibit A.  These depositions were subsequently rescheduled for December 2-11. *See* Exhibit B.  Ms. Simpson's depositions of TSC witnesses have continued as scheduled,[1] with one exception.  On October 28 and November 7, Ms. Simpson noticed the deposition of a former TSC employee, Dario Llacuna.  However, Mr. Llacuna subsequently informed TSC that because of his current position with the Navy he could not discuss the litigation in any capacity without the approval of the General Counsel of the Navy, of which TSC notified Plaintiff.  On December 8, 2014, Plaintiff's counsel requested permission from the General Counsel of the

---

[1] The following TSC current and former employees have been (or will shortly be) deposed: Randy McQueen (December 2); Laura Grieco, John Hoyle, Mike Sheehan, Preston Lytle, and Gerri McGovern (December 4); Matt Prenatt, Kenneth Boyd, Ted Mayberry (former employee) (December 9); and David Schubert (to be conducted on December 11).

Navy for Mr. Llacuna to participate in a deposition.  *See* Exhibit C.[2]  TSC does not dispute that Ms. Simpson may proceed with a deposition of Mr. Llacuna, because his deposition was initially noticed prior to the Court's discovery deadline, November 10.

On Thursday, November 13, at Judge Chasanow's request, the Parties participated in a conference call with the Court.  During that call, the Court established the parameters of a disputed Protective Order with regard to two personnel files TSC had been withholding from production while its request for a Protective Order with an "attorneys' eyes only" designation was pending with the Court.[3]  Additionally, to resolve Plaintiff's Motion for Enlargement of Time to Conduct Discovery ("Motion to Extend Discovery"), the Parties and the Court discussed a limited extension of the discovery deadline in the present action to allow Plaintiff to: (i) conduct the eleven depositions she already had noticed for TSC current and former employees, which had been noticed for the first two weeks of December (after the original November 10 discovery deadline); (ii) conduct written discovery related to the two personnel files that TSC had been withholding pending the resolution of the dispute regarding the Protective Order; and (iii) conduct written discovery related to the additional ("after-acquired evidence") affirmative defense TSC sought to add to its Answer, arising out of information TSC had confirmed during Ms. Simpson's November 7 deposition.  A complete transcript of this hearing is attached hereto as Exhibit F.

During this conference call with the Court, TSC's counsel raised TSC's concerns regarding the notion of an open-ended expansion of discovery in this case, based on Plaintiff's

---

[2] *See also* Exhibit D, in which Plaintiff's counsel confirmed the date on which the request to the General Counsel of the Navy was transmitted, because the request itself was undated.
[3] The Parties subsequently filed, and the Court approved, a Stipulated Protective Order consistent with the terms discussed during the November 13 conference call.  *See* ECF Nos. 30, 31.  Additionally, consistent with the terms discussed during this conference call, TSC produced that day, November 13, the Confidential personnel files it had been withholding from production pending the outcome of the Protective Order dispute.  *See* Exhibit E.

pending Motion to Extend Discovery requesting a new discovery deadline 60 days after the Court might rule on Ms. Simpson's hypothetical Motion to Compel. *See* ECF Nos. 18, 19 and 21; *see also* Exhibit F at 22:2-14. Counsel for Ms. Simpson, however, pointed out that TSC would be soon producing two additional personnel files and had recently sought leave to add an additional affirmative defense to its Answer. Ms. Simpson's counsel thus indicated his desire to conduct limited additional *written discovery* on these topics:

> Well, Your Honor, I would point out that we're just now getting further documents from them in this production that they're going to do in the next couple of days that may raise the potential for almost any other kind of request. I mean we're not planning on doing, you know, the hundred extra document request here. But if something were to come up in those documents, I would -- you know, that would be something that we might need to make a request out for because we can't depose somebody specifically who would have that information.

Exhibit F at 21:5-14. Notably, Ms. Simpson's counsel specifically represented that he understood Ms. Simpson "[couldn't] depose somebody specifically who would have that information." *Id.* at 21:13-14. And this was not the only time during the November 13 conference call Ms. Simpson's counsel represented that the additional discovery Ms. Simpson might require following the November 10 discovery deadline was limited to *written discovery*:

> I've asked for depositions to be scheduled in early December. I think at that point, you know, if there's any further *document requests*, we'd just like to be able to see an additional couple of weeks so that we can get a full picture of the *documents* that we could need from defendants. So we would like to see [a discovery deadline] maybe a little bit beyond mid January at this point.

*Id.* at 17:11-17 (emphasis added).

In response, the Court stated that allowing written discovery on these additional topics was "a fair accommodation" with regard to the discovery extension, suggesting that the

accommodation here was to avoid "launch[ing] with" additional discovery devices. *See* Ex. F at 23:18-22; 22:23-23:4.[4]

Following this conference call, on November 13, the Court issued a Letter Order confirming that "for the reasons stated during today's recorded telephone conference," Plaintiff's motion for the extension of discovery was granted in part, subject to limitations. ECF No. 26. Specifically, the Court ordered: "Any further written discovery will be limited to items revealed by documents recently made available or the proposed additional affirmative defense, if leave to amend is granted. Discovery will close January 9 and dispositive motions are due by February 6, 2015." *Id*.

Based on the representations made by counsel and as confirmed by the Court during the November 13 conference call and the November 13 Letter Order, it is clear that the parties and the Court had agreed that the discovery extension would be limited to written discovery, and further, that Ms. Simpson would be limited to propounding written discovery related only to the two TSC personnel files and TSC's after-acquired evidence affirmative defense.

On Friday, December 5, 2014, Plaintiff noticed, for the first time, the deposition of Bob Blase. *See* Exhibit G. In response to this new and unexpected deposition notice, TSC inquired with regard to whether Ms. Simpson intended to limit the scope of Mr. Blase's deposition to the two TSC personnel files and TSC's after-acquired evidence affirmative defense.[5] Plaintiff's

---

[4] In full, the Court stated: "Certainly, if there's something in these new two personnel files that prompt additional *written discovery*. But it's either the newest defense [the after-acquired evidence defense] or something prompted solely by what you're seeing in recently produced written discovery and that seems like a fair accommodation for that." Ex. F at 23:18-22 (emphasis added). *See also* Ex. F at 22:23-23:4 (Judge Chasanow: "And I don't know what you've used in terms of other devices already, but let's not launch with – I'm assuming you have already asked for the documents and interrogatories that are basic to your claim and the defense as you've understood them to be. So that this is an extension now given the potential amended answer that's the ninth affirmative defense.").

[5] To be clear, Ms. Simpson would not be entitled to depose Mr. Blase regarding the issues because discovery after November 10 is limited to written discovery.

counsel stated that Ms. Simpson intends to depose Mr. Blase regarding issues outside of the scope of those topics.  *See* Exhibit H.

Additionally, it appears that Ms. Simpson intends to depose by question Leesa Wood, a current Navy employee who worked for the Navy at the time Ms. Simpson was employed by TSC.  In a letter to the General Counsel of the Navy and Deputy Assistant Judge Advocate General apparently transmitted at the same time as the letter described above regarding Mr. Llacuna, Ms. Simpson's counsel requested an interview with Ms. Wood by telephone and email to obtain a statement from her under oath, and indicated that "the witness will have the opportunity to read, sign, and correct the *deposition* at no cost to the government or the witness." Ex. I at 4 (emphasis added).[6]

To be clear, Ms. Simpson has been well aware of the existence of Mr. Blase and Ms. Wood and their potential as persons with knowledge throughout the present litigation, including at the time of the November 13 conference call with the Court.  Specifically, Mr. Blase was first identified by Ms. Simpson on September 19, 2014 (approximately two months prior to the close of discovery and nearly three months before the November 13 conference call with the Court), in her response to TSC's Interrogatory No. 2.  At that time, Ms. Simpson represented the following regarding Mr. Blase:

> Blase was a Project manager who supervised Plaintiff while she
> worked at the Dahlgren, VA facility. He was aware of discussions
> about Plaintiff's employment and the reasons for her termination.
> He may also have been aware of the reasons why she was not hired
> for the Silver Spring FSO position. This individual also likely has

---

[6] In Simpson's request to the General Counsel of the Navy to conduct what appears to be a deposition by question of Ms. Wood, Simpson represented that the scope of Ms. Wood's testimony would be related to "Whether Ms. Wood on behalf of the Navy eliminated funding for Ms. Simpson's contractor position at the Naval Warfare Center, Dahlgren, VA under a contract with the Defendant Technology Service Corporation, in around January 2011." *Id.* at 2.

>   knowledge of other information pertaining to Plaintiff's
>   employment with TSC.

*See* Ex. J at 15-16. And Ms. Simpson testified during her November 7 deposition numerous times regarding Ms. Wood (though only by her first name, which was misspelled in the transcript as "Lisa" instead of "Leesa."). *See* Exhibit K at 71:3-10; 85:2-21; and 86:13-87:4.

After learning on Friday, December 5 and Monday, December 7 that Simpson intends to conduct additional depositions, TSC urged Simpson to reconsider her position with regard to these additional depositions so that the parties would not be forced to expend unnecessary party and judicial resources. *See* Exhibit L. In response, Ms. Simpson has taken the position that the Court's Order merely limited *written* discovery to the enumerated discrete topics, but that the Court's silence with regard to non-written discovery means that the Court has granted an open-ended discovery extension with regard to non-written discovery and with regard to any and all topics. *See* Exhibit M. This position is inconsistent with the representations Ms. Simpson's counsel made to the Court during the November 13 conference call, as well as the Court's statements during the November 13 conference call and subsequent Letter Order allowing a limited discovery extension.

These two depositions represent exactly the type of open-ended discovery TSC sought to avoid in opposing Plaintiff's initial Motion to Extend Discovery, and which prompted the Court to cabin the scope of additional discovery past the November 10 discovery deadline during the November 13 conference call. Ms. Simpson's counsel was well aware of these additional potential witnesses before the close of discovery on November 10 and during the Parties' conference call with the Court on November 13. If Ms. Simpson intended to depose these individuals, her counsel should have alerted the Court to those additional depositions at that time so that Ms. Simpson's plans for conducting additional depositions after the discovery deadline of

November 10 could be addressed and fully discussed during the conference call. Ms. Simpson's counsel failed to do so.

The Court's discovery extension clearly applies only to *written discovery* and, then, only related to those issues discussed between the parties and the Court during the November 13 conference call – that is, the two TSC personnel files and TSC's pending after-acquired evidence affirmative defense. Thus, Ms. Simpson is not entitled to conduct any depositions except those which she had noticed prior to the November 10 discovery deadline.

Accordingly, TSC respectfully requests that the Court grant its Motion for Protective Order.

## RULE 37(c)(1) CERTIFICATE

TSC certifies that, as evidenced in Exhibit L attached hereto, counsel attempted to resolve the present dispute prior to requesting the involvement of the Court.

Dated: December 10, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　VEDDER PRICE P.C.

　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Amy L. Bess
　　　　　　　　　　　　　　　　　　　　　　　　Amy L. Bess
　　　　　　　　　　　　　　　　　　　　　　　　abess@vedderprice.com
　　　　　　　　　　　　　　　　　　　　　　　　Sadina Montani
　　　　　　　　　　　　　　　　　　　　　　　　smontani@vedderprice.com
　　　　　　　　　　　　　　　　　　　　　　　　Vedder Price P.C.
　　　　　　　　　　　　　　　　　　　　　　　　1401 I Street NW
　　　　　　　　　　　　　　　　　　　　　　　　Suite 1100
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　　　　　　　　　　T:  +1 (202) 312-3320
　　　　　　　　　　　　　　　　　　　　　　　　F:  +1 (202) 312-3322

　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　*Technology Service Corporation*