IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY SIMPSON :

v. : Civil Action No. DKC 14-1968

TECHONOLOGY SERVICE CORPORATION :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is a motion to seal documents filed by Defendant Technology Service Corporation ("Defendant" or "TSC"). (ECF No. 61). The issue has been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to seal documents will be denied.

## I. Background

On September 8, 2015, the court issued a memorandum opinion and order entering summary judgment in favor of Defendant on several retaliation and gender discrimination claims brought by Plaintiff Kimberly Simpson ("Plaintiff"). (ECF Nos. 59; 60). The facts of this case are contained in that memorandum opinion and will not be recounted here.

The memorandum opinion and order also granted Plaintiff's motion to unseal Plaintiff's Exhibits 25 and 26 submitted in

opposition to Defendant's motion for summary judgment. Plaintiff's motion was granted without prejudice to Defendant filing a properly supported motion to seal. If Defendant failed to file a motion to seal comporting with Local Rule 105.11 within fourteen (14) days of the memorandum opinion and order, the exhibits filed under seal would have been ordered unsealed at that time. (ECF No. 59, at 33). On September 21, 2015, Defendant timely filed a motion to seal Plaintiff's Exhibits 25 and 26. (ECF No. 61). Plaintiff responded in opposition (ECF No. 62), and Defendant replied (ECF No. 66). On October 8, shortly after Plaintiff filed her response in opposition, she filed a notice of appeal from this court's order on the motion for summary judgment. (ECF No. 63). In her notice of appeal, Plaintiff expressly stated that she "does not appeal the [m]emorandum [o]pinion and [o]rder insofar as [they] concern[] sealing documents." (*Id.* at 1).

**II. Authority to Rule on Defendant's Motion to Seal**

As a threshold matter, the court must determine whether it has jurisdiction to adjudicate Defendant's motion to seal in light of Plaintiff's filing of a notice of appeal to the United States Court of Appeals for the Fourth Circuit. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."

*Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id.* (citation omitted). The Fourth Circuit has:

> recognized limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal, *Langham–Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir. 1987), or to take action that aids the appellate process, *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991).

*Pub. Citizen*, 749 F.3d at 258. Fourth Circuit case law confines these exceptions "to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id.* (citations omitted).

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case *involved in the appeal*." *Griggs*, 459 U.S. at 58 (emphasis added). The district court, however, "retains jurisdiction, for example, to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail and matters of a similar nature."

*Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (citations omitted).

> The [*Griggs* divestiture] rule is a judge-made, rather than a statutory, creation that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously. As a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy.

*Id.* (citations omitted). Here, the sealing of Plaintiff's Exhibits 25 and 26 is not designated as an issue for appeal to the Fourth Circuit. (*See* ECF No. 63, at 1). Rather, the sealing of exhibits is a collateral issue that does not implicate the merits of the issues on appeal. "Thus, there is no chance that two courts would be considering the same issue simultaneously. Under these circumstances, the [c]ourt is persuaded that the prudential concern of promoting judicial efficiency weighs in favor of employing an exception to the divestiture rule." *Kirschling v. Atl. City Bd. of Educ.*, No. 11-4479 NLH/JS, 2014 WL 5320162, at *2 (D.N.J. Oct. 17, 2014); *see also Alward v. Burrelle's Info. Servs.*, No. CV-00-365-PHX-ROS, 2001 WL 1708779, at *10 (D.Ariz. Dec. 5, 2001); *Colombini v. Members of Bd. of Directors of Empire Coll. Sch. of Law*, No. C9704500CRB, 2001 WL 1006785, at *12 (N.D.Cal. Aug. 17, 2001), *aff'd sub nom. Colombini v. Members of Bd. of Directors*, 61

F.App'x 387 (9th Cir. 2003). Moreover, here, neither party requests that the court stay review of Defendant's pending motion to seal until after appeal. The court thus retains jurisdiction to consider Defendant's motion to seal documents.

**III. Defendant's Motion to Seal**

**A. Standard of Review**

At issue in any request to seal are the principles of common-law access and the more rigorous First Amendment analysis that applies to judicial records. The Fourth Circuit recently reminded us that:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703[(D)]*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police*, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and

> records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988), and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press–Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (internal quotation marks omitted)).

*Pub. Citizen*, 749 F.3d at 265-66. "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order*, 707 F.3d at 290. The First Amendment test for access to judicial records extends to "'dispositive' civil motions, such as a motion for summary judgment that is successful *either in full or part*." *Allstate Ins. Co. v. Warns*, No. CCB–11–1846, 2012 WL 681792, at *17 (D.Md. Feb. 29, 2012) (emphasis added); *see Rushford*, 846 F.2d at 252-53. That is, "the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Pub. Citizen*, 749 F.3d at 267 (citation omitted).

In addition, a motion to seal must comply with Local Rule 105.11, which provides that:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

This Local Rule endeavors to protect the common-law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the public's right of access. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Before sealing any documents, the court must provide the non-moving party with notice of the request to seal and an opportunity to object. *Id.* This notice requirement may be satisfied by either notifying the persons present in the courtroom or by docketing the motion "reasonably in advance of deciding the issue." *Id.* at 234. Finally, the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents. If the court decides that sealing is appropriate, it should also provide reasons, supported by specific factual findings, for its decision to seal

and for rejecting alternatives. *Id.* at 235; *see Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

**B. Analysis**

Defendant argues that Plaintiff's Exhibits 25 and 26, submitted in opposition to Defendant's motion for summary judgment and currently filed under seal, should remain under seal. (ECF No. 61, at 1).

**1. Plaintiff's Exhibit 25**

Defendant contends that Exhibit 25, a letter generated and sent by the Defense Security Service ("DSS") to Defendant, is designated "FOR OFFICIAL USE ONLY" ("FOUO") and contains information concerning the outcome of the DSS investigation into a potential security breach and related remedial measures. (*Id.* at 3). Defendant asserts that the government's interest in the protecting this sensitive information outweighs the public interest in access to the document. (*Id.*) Plaintiff responds that the FOUO designation "is simply not enough," and that the document in question "contains nothing more than run of the mill discussion about the incident that forms one of the central factual areas of this case." (ECF No. 62, at 3).

"Without an explanation tailored to the specific information at issue, [courts] are left with no way to determine whether [the document] warrants protection - other than to accept the government's own designation." *Parhat v. Gates*, 532

F.3d 834, 853 (D.C. Cir. 2008). In determining the propriety of sealing, "[i]t is the court, not the [g]overnment, that has discretion to seal a judicial record, which the public ordinarily has the right to inspect and copy." *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007) (citations omitted) (rejecting the blanket sealing of documents designated "For Official Use Only" and requiring the government to provide a basis for withholding them from public view). Here, Defendant's argument emphasizing the "highly sensitive nature of the Department of Defense's investigation into a potential security violation" is unpersuasive. (ECF No. 66, at 2). This particular security incident is described and referenced throughout the record and in the court's prior memorandum opinion. (*See, e.g.*, ECF No. 59, at 6). The government's interest in protecting this information does not outweigh the public interest in access to Plaintiff's Exhibit 25. Accordingly, this document will be ordered unsealed.

**2. Plaintiff's Exhibit 26**

Defendant argues that Exhibit 26 should remain under seal because it "contains as an attachment a PowerPoint presentation containing very specific program information regarding the Navy's classified Air and Missile Defense Radar [("AMDR")] security program." (ECF No. 61-1, at 3). According to Defendant, the presentation includes descriptions of various

AMDR tasks, tasking priorities, staffing, and related government contracts. (*Id.*). The Navy provided this presentation directly to Defendant, which asserts that "[t]he government's interest in protecting information regarding its planning, priorities, and staff for a classified program outweighs the public interest in access to this document." (*Id.* at 4). Plaintiff disputes that specific AMDR program information is contained within the presentation's slides and contends that "[t]he document contains numerous references to government programs that could easily be redacted." (ECF No. 62, at 3).[1]

A court record subject to the First Amendment right of public access may be sealed "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180 (citation omitted).[2] Before a district court seals any court

[1] In fact, the parties previously agreed to redact other documentation supporting Plaintiff's opposition to Defendant's summary judgment motion. (*See* ECF Nos. 58-16; 58-17; 58-18; 58-26; 58-27; 58-28; 58-29; 58-30; 58-31; 58-32; 58-33). These redactions were found to be reasonable and narrowly tailored to maintain the confidentiality of sensitive information belonging to the Navy and DSS, while also permitting the public to view the information relevant to the current dispute. (ECF No. 59, at 33).

[2] Plaintiff submitted Exhibits 25 and 26 in support of her opposition to Defendant's motion for summary judgment. In addition, she cited Exhibit 26 in her opposition brief, asserting that "the documents show that [Plaintiff] was replaced on the [AMDR] contract by a man, Malcolm Clark." (ECF No. 58-1,

document, it "must consider alternatives to sealing . . . which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the . . . motion to seal." *Buchanan*, 417 F.3d at 429 (citation and internal quotation marks omitted). "Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Va. Dep't of State Police*, 386 F.3d at 576. Here, Defendant asserts that Exhibit 26 is "replete with very specific [AMDR] program information." (ECF No. 66, at 3). Defendant points to precise pages of the presentation containing tasking information, tasking prioritization, and the identities of individuals assigned to work on the project. (*Id.*). Defendant, however, does not

---

at 20). Accordingly, the right of access provided by the First Amendment applies.

Here, the court's prior memorandum opinion did not cite Exhibits 25 or 26, but it did observe that "[t]he existence of the exhibits is mentioned in the motion papers [even though] most of the contents are not." (ECF No. 59, at 32). Defendant argues that, as a result, "the continued sealing of these documents will not impair the public's ability to access [] materials critical to . . . the outcome of this case." (ECF No. 61-1). This argument, however, is unavailing because "the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Pub. Citizen*, 749 F.3d at 267 (citation omitted). It is of no moment whether the court relied on the exhibits at issue; rather, the rigorous right of access provided by the First Amendment applies because the exhibits were "made part of a dispositive motion" in a civil case. *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253).

provide specific factual representations explaining why redactions or other less restrictive alternatives to sealing would not protect the sensitive information, as required by Local Rule 105.11. Sensitive information regarding specific tasks, tasking priorities, and government programs may be redacted appropriately, but information regarding the identities of individuals assigned to the program and referenced by Plaintiff in her opposition brief should be made available as part of the public record. Defendant fails to explain how the presentation's personnel allocation chart, for example, implicates a governmental interest such as a "risk[] to national security." *Pub. Citizen*, 749 F.3d at 269 (citations omitted). The arguments Defendant advances in support of its motion to seal Exhibit 26 in its entirety are not narrowly tailored to serve a compelling governmental interest, in part because less drastic alternatives to sealing are available. *See Bureau of Nat. Affairs v. Chase*, No. ELH-11-1641, 2012 WL 3065352, at *2 (D.Md. July 25, 2012); *Kirschling*, 2014 WL 5320162, at *3. Targeted redactions to Exhibit 26 will balance the public's right of access with the government's interest in protecting sensitive information.

Accordingly, the court is not persuaded that the entire PowerPoint presentation, let alone Exhibit 26 in full, must remain under seal. Defendant will be ordered to redact

appropriate information, consistent with this opinion, and file the redacted document within fourteen (14) days. If Defendant fails to do so, Exhibit 26 will be unsealed at that time.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to seal documents will be denied. Plaintiff's Exhibit 25 will be unsealed, and Defendant will have fourteen (14) days to file a redacted version of Plaintiff's Exhibit 26. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge